**SUN DROP SALES CORPORATION OF AMERICA**

v.

**SEMINOLE FLAVOR COMPANY**
(two cases).

Civ. Nos. 2981, 3019.

United States District Court
E. D. Tennessee, S. D.

Jan. 17, 1958.

DiRisio & Kelly, Chattanooga, Tenn., Brezina & Buchingham, Chicago, Ill., for plaintiff.

Taber, Chambliss & Stophel, Chattanooga, Tenn., Horton, Davis & McCaleb, Chicago, Ill., for defendant.

DARR, Chief Judge.

These cases came on for hearing on several motions, some of which were passed upon at the oral hearing, but the defendant's motion to dismiss in Civil Action No. 2981 and the plaintiff's motions to dismiss a portion of each counterclaim and for summary judgment in both cases were taken under advisement by the Court.

These are suits involving alleged infringement of the trade mark, "Sun Drop", by the Seminole Flavor Company, in that they have used the terms "Snow Drop" and "Ski Drop" in violation of the plaintiff's (i. e. Sun Drop's) rights. The motion to dismiss is accompanied by an affidavit of an officer of Seminole showing that (1) there have been no sales in commerce under the questioned trade mark, Snow Drop, and (2) the trade mark Snow Drop has not been applied to any goods, labels or advertisements intended to be used upon or in connection with the sale in commerce of any goods or services.

These facts as set out in this affidavit are not disputed, but are relied upon by the plaintiff in its motion for summary judgment in that case. The motions for summary judgment are not directed to the suits for infringement, but ask the Court to determine as a preliminary matter that the defendant is not entitled to registration of the trade marks "Ski Drop" and "Snow Drop" because they have never been used to the extent required by the Lanham Act, 15 U.S.C.A. § 1051 et seq.

These are infringement suits. When the Court has jurisdiction of such

a suit it can determine, as a subsidiary matter, whether or not the trade mark which is the basis of the suit (that is, the trade mark alleged to be owned by the plaintiff) is owned by the plaintiff and hence is registerable. Title 15 U.S. C.A. § 1119. Perhaps the Court may take jurisdiction merely to pass upon a question of registerability where no infringement is involved, but it appears advisable, and perhaps mandatory, in the present cases to defer action until the remedies available in the Patent Office have been exhausted. The Commissioner of Patents and his assistants are, being experts in this field, far better equipped to pass upon that question than this Court. The plaintiff here has already initiated actions before the Commissioner and thus has elected to have determinations made before that tribunal.

All motions will be denied, and further action in these suits will be suspended until the two adversary actions pending before the Commissioner have been adjudicated, after which, upon motion of either party, these suits may be reactivated.